No. 19,374.

GLENN B. WILSON, D/B/A GLENN B. WILSON EMPLOYMENT SPECIALISTS v. GRADY W. PERKINS.

(363 P. [2d] 492)

Decided July 10, 1961. Rehearing denied July 31, 1931.

Mr. ALBERT L. VOGL, Mr. WILLIAM F. REYNARD, for plaintiff in error.

Mr. KELLY O'NEALL, JR., for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE HALL.

THE parties appear here in the same order as in the trial court and we will so refer to them.

On April 14, 1958, defendant, seeking employment, enlisted the aid of plaintiff, employment specialists. He filed his written application on a form furnished by plaintiff in which he indicated previous experience as: (1) a salesman, (2) assistant manager, and (3) manager.

The application which he signed and delivered to plaintiff contains the following pertinent provisions:

"If I accept, or agree to accept, any employment concerning which you furnish me information, or assistance, * * * or agree to report and fail to report for any such employment, I will pay your full fee.

"If offered employment through your service, I will promptly either accept or reject the same. If, after accepting such offer my employer induces me to remain in my then present employment I will pay your full fee."

Said application further provided that plaintiff should receive as its fee for finding positions that are accepted: " * * * 50% of a full month's salary for any employment paying in excess of $200 per month."

In May 1958 defendant was referred by plaintiff to the Denver Air Machinery Company for employment. He was interviewed by one Lenz, then "Vice President in charge of Sales" of said company. As a result of this interview he was offered employment at a weekly salary

of $85.00 and in addition the use of a company car and commissions on sales. The record is silent as to the amount of commissions. His position was described as "sales engineer" by the company.

Defendant reported for work and for nearly two weeks was taken over a part of the sales territory by a salesman who was quitting and whose position he was to fill. At the end of that time, according to his testimony, defendant was notified that he would have to go through an extended period, probably a year or more, of shop training so that he could dismantle, repair and reassemble all types of the machinery and equipment sold by the company. On being informed of this requirement, and being without mechanical training or aptitude and unqualified for the work contemplated by the company, he promptly resigned and notified the plaintiff of such fact.

Plaintiff commenced this action seeking to recover $184.15 from defendant, being 50% of one month's salary based on $85.00 per week.

Trial was to the court and at the close of the testimony the trial judge found the issues in favor of the defendant and dismissed the complaint. Plaintiff is here by writ of error seeking reversal.

The testimony was conflicting on the question of whether the defendant and Lenz had a full understanding as to the nature and terms of the intended employment. The defendant was very definite in his testimony that he thought he was to be a salesman, that he was expecting and had been assured of substantial salesman's commissions. Lenz' testimony was somewhat in conflict with the version of the defendant.

The trial court, among other things, found:

"That the position as sales engineer required a mechanical background, and a man not mechanically inclined would not and could not fill the position. However, the position contemplated a training period of at least one year, during which time the trainee was to

learn the mechanical end of the business, that is, how to tear down, repair, and put the machinery of the company back in good order.

"However, the evidence discloses and the Court finds as a fact that the defendant was not notified of this one-year training period at the time he accepted the position, and that after accepting the position, the defendant was with the Denver Air Machinery Company for a period of less than two weeks, during which he was primarily engaged in contacting customers in the company of the salesman that he was to replace; that at the completion of this preliminary field work, he was then ordered into the company's shop for the purpose of learning the aforesaid mechanical end of the business.

\* \* \*

"The Court finds that the foregoing actions of the defendant in notifying both the plaintiff and the Denver Air Machinery Company of his lack of qualifications amounted, in fact, to a rejection of the position; and under the facts of the case the Court finds that this constitutes a prompt rejection, as required under the contract, Exhibits A and B, to wit: 'If offered employment through your service, I will promptly either accept or reject same.'"

It is abundantly manifest from the record that at the time defendant commenced work, he and Lenz had very divergent views as to the duties to be performed. There was no meeting of the minds — the defendant thought he had a selling job; Lenz thought he was hiring a man to take a year's training in order to become a trained and qualified mechanic with the title of "Sales Engineer." Instead of agreement between Lenz and the defendant there was misunderstanding and no agreement, and therefore no acceptance of employment as contemplated by the contract on which this action is predicated.

In *Newton Oil Co. v. Buckhold*, 115 Colo. 510, 176

P. (2d) 904, this court used the following language, which language is applicable to the facts in this case:

"A fundamental contractual requirement is that of certainty. The minds of the parties must have met. Where one party may have intended a certain obligation, and the other party intended a different obligation, * * * no contract results."

When defendant became aware of what was expected under the contract of employment, he promptly rejected the employment and at no time accepted the employment which Lenz offered.

The judgment being correct is therefore affirmed.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.